UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HILAIRE LONGWA, | : | |
| Petitioner, | : | CIVIL NO. 3:03CV0497(JBA) |
| v. | : | |
| BUREAU OF CUSTOMS AND IMMIGRATION SERVICES, | : | |
| | : | |
| Respondent. | | JANUARY 21, 2004 |

**RESPONDENT'S SECOND SUPPLEMENTAL RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS**

Respondent, the Department of Homeland Security, through its undersigned counsel, hereby respectfully submits this second supplemental response to the petition for writ of habeas corpus filed herein.  The purpose of this supplemental response is to bring to the Court's attention the recent superseding opinion of the United States Court of Appeals for the Second Circuit in Theodoropoulos v. INS, - - F.3d - - , 2004 WL 49118 (2d Cir. Jan. 12, 2004) (hereinafter Theodoropoulos II), a copy of which is attached hereto.[1]  Theodoropoulos II provides controlling authority that is dispositive of this habeas proceeding.

In Theodoropoulos II, the Second Circuit reiterated its original conclusion that Theodoropoulos failed to exhaust his administrative remedies as statutorily required by INA § 242(d), 8 U.S.C. § 1252(d), by waiving his right to appeal the Immigration Judge's removal order to the Board of Immigration Appeals.  2004 WL 49118 at *1; see Theodoropoulos v. INS, 313 F.3d 732, 736-37 (2d Cir. 2002) (hereinafter Theodoropoulos I) (finding that district court

---

[1] The factual and procedural history of this case is set forth in respondent's first and supplemental response to the petition for writ of habeas corpus and will not be repeated herein.

lacked subject matter jurisdiction because habeas petitioner failed to comply with statutory exhaustion requirement of 8 U.S.C. § 1252(d), where he waived appeal of Immigration Judge's removal order). Consequently, the Second Circuit again determined "that Theodoropoulos's failure to exhaust his administrative remedies [as required by 8 U.S.C. § 1252(d)] deprived the district court of subject matter jurisdiction to entertain his habeas petition." 2004 WL 49118 at *5.

Importantly, the amended opinion by Chief Judge Walker makes clear that INA § 242(d), 8 U.S.C. § 1252(d), imposes a mandatory, statutory exhaustion requirement that applies even to habeas corpus petitions, not just direct petitions for review, despite doubts expressed in *dicta* by a later panel in Beharry v. Ashcroft.[2]  Theodoropoulos II, 2004 WL 49118 at **6-8. The superseding decision in Theodoropoulos II further distinguished the clear statement rule of INS v. St. Cyr,[3] concluding that it does not apply where the only issue is exhaustion of remedies and not complete preclusion of judicial review. Theodoropoulos II, 2004 WL 49118 at **6-8.[4]

---

[2] See 329 F.3d 51, 60 (2d Cir. 2003) (noting that the panel in Theodoropoulos "treated § 242(d)(1), the successor provision to § 106(c) (at issue in Beharry), as a statutory exhaustion requirement when applied to a habeas petitioner, but the panel in that case did not discuss or consider the impact of *St. Cyr* on the applicability of § 242(d)(1) in the habeas context" and concluding that "it is *potentially* an open question whether the exhaustion requirement of § 106(c) applies in a habeas proceeding.") (emphasis added).

[3] INS v. St. Cyr, 533 U.S. 289 (2001).

[4] In distinguishing St. Cyr, the court in Theodoropoulos II explained that the Supreme Court in that case

> signaled that it might not have construed the terms "review" and "judicial review" narrowly as applying only to direct review had the alternative reading not created a substantial constitutional concern:
> "If it were clear that the question of law could be answered in another judicial

Finally, the Second Circuit additionally concluded that no exception for constitutional claims or futility excuses the exhaustion requirement. Id. at *9-10.

In the wake of Theodoropoulos II, there can be no doubt that the statutory exhaustion requirement of INA § 242(d), 8 U.S.C. § 1252(d), applies to petitioner Longwa's habeas petition. Thus, as previously argued by respondent herein, Longwa's failure to exhaust his administrative remedies renders this Court without subject matter jurisdiction to consider his claims. As further argued herein, and as in Theodoropoulos II, no exception for constitutional claims or futility excuses the petitioner's failure to comply with this exhaustion requirement.

## CONCLUSION

For the foregoing reasons, and those explained in respondent's initial and previous supplemental responses filed herein, respondent respectfully requests that the Court dismiss Longwa's petition for lack of subject matter jurisdiction on the ground that he failed to exhaust his administrative remedies as statutorily required under INA § 242(d), 8 U.S.C. § 1252(d). Respondent further respectfully requests that the Court deny the petitioner's request for an evidentiary hearing and vacate its Order staying petitioner's removal.

                         Respectfully submitted,

                         KEVIN J. O'CONNOR
                         UNITED STATES ATTORNEY

                         LISA E. PERKINS

---

forum, it might be permissible to accept the INS' reading of § 1252 [(a)(2)]. . . ." 2004 WL 49118 at *7 (quoting St. Cyr, 533 U.S. at 314).

        ASSISTANT UNITED STATES ATTORNEY
        450 MAIN STREET, ROOM 328
        HARTFORD, CT  06103
        (860) 947-1101
        FEDERAL BAR NO. ct23164

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within and foregoing has been mailed, postage prepaid, via first-class mail, this 21st day of January, 2004, to:

Kweku J. Hanson, Esq.
Hanson & Associates
487 Main Street, Suite Two
Hartford, CT 06103-3007

        _____
        LISA E. PERKINS
        ASSISTANT UNITED STATES ATTORNEY