UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Apr 26  10 15 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Longwa                          :
                                :
v.                              :       No. 3:03cv497(JBA)
                                :
Bureau of Customs               :

**Ruling on Petition for Writ of Habeas Corpus [Doc. # 1]**

Petitioner Hilaire Longwa, a native and citizen of Democratic Republic of Congo ("DRC"), has filed a petition for writ of habeas corpus challenging his removal order. Respondent, the Department of Homeland Security,[1] opposes on grounds that Longwa failed to exhaust his administrative remedies. For the reasons discussed below, Longwa's petition is denied.

**I. Background**

Longwa entered the United States on May 21, 1998 on another person's passport, and filed for asylum and withholding of removal on November 2, 1998. In his asylum interview, Longwa testified that he had been a corporal for the Civil Guard under the regime of Mobutu Sese Seko, in which capacity he was

---

[1] Although Longwa names the "Bureau of Customs and Immigration Services" as the respondent in his habeas petition, the Department of Homeland Security has responded as the proper custodian. Since March 1, 2003, three bureaus within the Department of Homeland Security perform the functions previously performed by the Immigration and Naturalization Service. These bureaus are the Bureau of Immigration and Customs Enforcement ("BICE"), the Bureau of Customs and Border Protection ("BCBP"), and the Bureau of Citizenship and Immigration Services ("BCIS").

1

responsible for making arrests for a variety of offenses, including theft and trespassing, as well as violations stemming from political demonstrations. In 1997, rebel leader Laurent Kabila ousted control of the country from Mobutu. Longwa testified that he tried to flee the DRC when Kabila came to power, but on April 2, 1997, he was arrested by Kabila's forces and identified as a soldier for the old regime. He stated that he was kept in a camp in the jungle for two weeks, where he was beaten every day, until he managed to escape and make his way to Zambia. From Zambia, Longwa traveled to the United States.

The asylum officer deciding Longwa's case found that he had experienced past persecution and had a well-founded fear of future persecution if he returned to the DRC, but found that he was statutorily barred from asylum under 8 U.S.C. § 1101(a)(42) as a person who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." In particular, the asylum officer found that he reported to his commander if the people he arrested were demonstrating against the government, that the BSRS (Special Search and Surveillance Brigade) was called for such people, and that he was aware that political demonstrators were tortured by the BSRS. The asylum officer thus referred Longwa to the Immigration Judge ("IJ") for removal proceedings.

Longwa renewed his application for asylum before the IJ, and also applied for withholding of removal and relief under the Convention Against Torture. On February 10, 2000, the IJ denied all relief and ordered Longwa removed from the United States. Under extant law, Longwa had thirty days to timely appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). Longwa alleges that he asked his attorney to file an appeal, and gave his attorney money to pay the appropriate filing fee. Thereafter, for the next two years, his attorney assured him that his administrative appeal was pending at the BIA. In reality, however, the attorney failed to file a Notice of Appeal with the BIA. As a result, Longwa's removal order became administratively final as of March 13, 2000.

On May 2, 2000, the INS sent Longwa a "bag and baggage" letter informing him that arrangements had been made for his departure to the DRC on May 15, 2000, and instructing him to report to the immigration office in Hartford, CT completely ready for deportation. Longwa personally accepted service of this letter on May 4, 2000, but failed to appear for his removal.

On June 21, 2002, Longwa was arrested and subsequently pled guilty to burglary in the third degree, in violation of Conn. Gen. Stat. § 53-103(a)(1). As a result of this conviction, on February 7, 2003 he was sentenced to five years imprisonment, suspended, and two years of probation. On the same date, the INS

took Longwa into custody for the purpose of executing the removal order against him. Longwa filed this habeas petition on March 19, 2003.

## II. Discussion

Longwa's habeas petition challenges his removal order on three grounds: (1) it was obtained in violation of his due process rights because he received ineffective assistance of counsel from his immigration attorney due to her failure to file an administrative appeal with the BIA; (2) his subsequent conviction is invalid because he received ineffective assistance of counsel from his criminal attorney; and (3) he is entitled to apply for relief from removal under INA § 212(h) despite a conviction for an aggravated felony. He also argues that his current detention without bond is unlawful.

### A. Ineffective Assistance of Immigration Counsel

Pursuant to 8 U.S.C. § 1252(d), a "court may review a final order of removal only if–(1) the alien has exhausted all administrative remedies available to the alien as of right . . . ." It is now settled in this Circuit that the statutory exhaustion requirement of § 1252(d) applies equally to a district court's review of a petition for writ of habeas corpus as to the court of appeals' review on direct appeal. See Theodoropoulos v. INS, 358 F.3d 162 (2d Cir. 2004). In Theodoropoulos, the Second Circuit held that the plain meaning of § 1252(d) applied to all

4

forms of review, including habeas review. Theodoropoulos distinguished §1252(d) from the statutory provision at issue in INS v. St. Cyr., 533 U.S. 289 (2001), in which the Supreme Court held that statutory limitations on "judicial review" did not apply to habeas review. As the Second Circuit reasoned, unlike the jurisdiction-stripping provision at issue in St. Cyr, §1252(d) did not raise a significant constitutional question "because that section does not purport to strip courts of jurisdiction altogether; it simply imposes an exhaustion requirement on such jurisdiction." Theodoropoulos, 358 F.3d at 170-71. Administrative exhaustion requirements, Theodoropoulos noted, serve the important purpose of ensuring that the "agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court." Id. at 171. Thus, the Second Circuit construed § 1252(d) according to its plain meaning, and concluded that it applied to habeas petitions.

"Statutory exhaustion requirements are mandatory, and courts are not free to dispense with them." Beharry v. Ashcroft 329 F.3d 51, 58 (2d Cir. 2003). Courts generally do not have discretion to create exceptions, such as futility, to statutory exhaustion requirements. See id. Only in very limited circumstances, such as "where the relevant administrative

5

procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint," Booth v. Churner, 532 U.S. 731, 736 (2001), could a statutory exhaustion requirement be waived.

Here, Longwa's claim of ineffective assistance of counsel is based on his immigration attorney's failure to file an administrative appeal with the BIA. Because the absence of effective counsel can infect the immigration proceeding with fundamental unfairness, ineffective assistance of counsel claims are routinely dealt with by the immigration courts. Aliens have a statutory right in removal proceedings to be represented by counsel of their choice, at their own expense. See 8 U.S.C. § 1362. The Board of Immigration Appeals, in fact, has well-established procedural requirements for bringing ineffective assistance claims. See, e.g. Matter of Lozada, 19 I. & N. Dec. 627 (BIA 1988). Therefore, Longwa was required to exhaust his administrative remedies as to this claim.

The administrative motion to reopen is the proper vehicle for bringing ineffective assistance of counsel claims in the first instance. Under 8 C.F.R. § 1003.23, "[a]n Immigration Judge may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision. . . ." See also 8 C.F.R. 1003.2 (providing similar procedures for reopening before the

6

Board of Immigration Appeals). As the Second Circuit has noted, "[c]laims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present 'new facts' that are material and [were] not available and could not have been discovered or presented at the former hearing.'" Iavorski v. INS, 232 F.3d 124, 129 (2d Cir. 2000); see also 8 C.F.R. § 1003.23(b)(3); 8 C.F.R. § 1003.2(c)(1). The regulatory 90-day filing deadline for the submission of motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel. See Iavorski, 232 F.3d at 134-35.

Longwa states that he "has exhausted any administrative remedies available to him to halt his unlawful deportation, or else resort to administrative review would be futile." Petition for Writ of Habeas Corpus [Doc. # 1] at 11. Longwa has not alleged, however, that he moved to reopen his case before the immigration court. Instead, he states that once he was taken into custody by Respondent, he filed the instant petition for habeas corpus. There is no futility exception to the statutory exhaustion requirement. Moreover, because the immigration courts provide Longwa with the "possibility of relief" on his ineffective assistance of counsel claim, Theodoropoulos, 358 F.3d at 173, the fact that Longwa's claim may also raise a constitutional due process claim does not exempt the statutory exhaustion requirement. As Longwa has failed to exhaust his

7

administrative remedies for this claim, this Court lacks subject matter jurisdiction under 8 U.S.C. 1252(d).  See id. at 174.

### B. Ineffective Assistance of Criminal Counsel

Longwa's petition also seeks review of his claim of ineffective assistance of his criminal counsel.  The removal order at issue, however, was issued in 2000, almost three years before his criminal conviction, and thus his criminal conviction does not form the basis of his removal.  Instead, his removal is based only on a violation of 8 U.S.C. § 1227(a)(1)(A), which applies to aliens who were inadmissible at the time of entry into the United States for not being in possession of a valid visa, and on Longwa's failure to establish his eligibility for asylum or withholding of removal.  Because his conviction did not form the basis of his removal order, the alleged ineffective assistance of Longwa's criminal counsel is not a relevant basis for the instant habeas petition against his current custodian-- the Department of Homeland Security.[2]

---

[2] Moreover, several circuits, interpreting the Supreme Court's decision limiting collateral review of prior convictions in Custis v. United States, 511 U.S. 485, 491-93 (1994), have held that an alien may not collaterally attack a state court conviction forming the basis of removal in a habeas corpus proceeding against the Immigration and Naturalization Service (or, now, the Department of Homeland Security), with very limited exception.  See, e.g. Drakes v. INS, 330 F.3d 600, 606 (10th Cir. 2003) (barring "in a section 2241 habeas proceeding a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal"); Contreras v. Schiltgen, 151 F.3d 906 (9th Cir. 1998)("Under Custis, . . . we must hold that when a habeas petition attacks the use of a prior conviction

C.  **212(h) Relief**

Longwa's request for this Court to consider his eligibility for a waiver of removal under section 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h), also fails, because such a waiver applies only to those aliens found removable on the basis of a criminal conviction.[3]  As discussed above, because Longwa's criminal conviction was not the basis for his removal order, § 212(h) does not apply to him.  Moreover, he would need to administratively exhaust this claim, and there is no record that he sought a § 212(h) waiver before the IJ.  See Order of the Immigration Judge [Doc. # 8, Ex. A-7].

D.  **Detention Without Bond**

Finally, Longwa challenges his mandatory detention without bond.  Pursuant to § 241(a)(1)(B)(ii), "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien [pending review]," then the removal period begins on

---

as a basis for INS custody, and the prior sentence has expired, federal habeas review is limited. When the federal proceeding is governed by statutes that limit inquiry to the fact of conviction, there can be no collateral review of the validity of the underlying conviction except for Gideon claims.").

[3] 8 U.S.C. § 1182(h) provides that the "Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) and subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana" if the alien meets certain conditions.  Subsection (a)(2) of § 1182 relates to "criminal and related grounds for removal."

9

"the date of the court's final order." As the Court has entered a stay in this case, until this decision is issued Longwa continues to be detained pursuant to INA § 236. See Wang v. Ashcroft, 320 F.3d 130, 147 (2003). The Supreme Court in Demore v. Kim, 123 S.Ct. 1708 (2003), held that mandatory detention under § 236(c) of a permanent resident alien "who has conceded that he is deportable, for the limited period of his removal proceedings," is constitutional. Id. at 1722. Longwa, unlike Kim, is not a lawful permanent resident, and it does not appear to this Court that Longwa's case is otherwise distinguishable from Kim. Moreover, once this Court issues this decision, any challenge to 236(c) detention will be moot, as Longwa's removal period will begin and he will become subject to detention under INA § 241. At that time, under the dictates of Zadvydas v. Davis, 533 U.S. 678 (2001), he may be detained "only for a period reasonably necessary to secure [his] removal." Id. at 682 (emphasis omitted).

### III. Conclusion

For the foregoing reasons, Longwa's petition for writ of habeas corpus is hereby DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 23rd day of April, 2004.